■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EISEN DEIDA, Appellant. [605 NYS2d 74] —Judgment, Supreme Court, New York County (Stephen Crane, J.), rendered March 26, 1991, convicting defendant, upon a jury verdict, of sexual abuse in the second degree and endangering the welfare of a child, and sentencing him to a definite term of four months of intermittent incarceration and a concurrent three year term of probation, respectively, unanimously affirmed.

Defense counsel entered into a stipulation rather than risk the consequences of a negative determination on evidence considered to be detrimental to the defense. Therefore, it cannot be said that the trial court forced defendant into a stipulation waiving his rights to cross-examine the social worker. Defendant's case-in-chief also opened the door to

possible rebuttal testimony concerning his past medical records, including the reasons why he was readmitted to the hospital *(cf., People v Bagarozy,* 132 AD2d 225, 237), and therefore, the stipulation was a reasonable choice. Defendant's claim that a proper foundation was never laid as to the social worker's qualifications as an expert is unpreserved for appellate review (CPL 470.05 [2]) and meritless. Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Kassal, JJ.